FOREGGER CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18938.    Promulgated October 11, 1928.

*George J. Kallfelz*, for the petitioner.
*Frank S. Easby-Smith, Esq.*, for the respondent.

ARUNDELL: The respondent has determined a deficiency of $490.55 in income taxes for the year 1924. The only question involved is whether the sum of $4,800 expended by the petitioner in 1924 in part payment of certain personal expenses of its president, is deductible from gross income.

During 1924 the petitioner had an authorized capital stock of $15,000, divided into 100 shares of common and 50 shares of preferred, each of the par value of $100. Richard Foregger, the petitioner's president, held 89 shares of the common stock. He also held between 5 and 8 shares of the preferred stock; his wife owned 25 shares and the remaining shares were held by employees and by the corporation as treasury stock.

Foregger, in 1924, underwent a major operation and otherwise received medical attention, in connection with which he incurred, in his individual capacity, liabilities in excess of $5,000.

Pursuant to authority granted by its board of directors, the petitioner, in 1924, expended the sum of $4,800 in part payment of the personal bills incurred by Foregger during his illness. The directors did not declare a dividend during 1924.

During the taxable year the petitioner paid Foregger all of his authorized salary, amounting to $8,820.81. Prior to 1924 Foregger received an annual salary of from $11,000 to $12,000 from the petitioner.

In its return for 1924 the petitioner reported gross income of $53,351.76, and net income of $668.74 after deducting $8,820.81 as salary and $4,800 as a bonus, paid to Foregger. In his audit of the return the respondent disallowed the bonus deduction on the ground that it was a gift or a dividend payment.

While the item in question is claimed to be deductible as a bonus paid to Foregger, it does not appear from the testimony of George J. Kallfelz, the petitioner's treasurer, that the board of directors ever authorized the expenditure as compensation for services rendered. He testified, in substance, that the board of directors were unable to agree upon a method of treating the expenditure; that the directors did not regard it as salary; that the corporation paid Foregger all of the salary he was entitled to receive for the year, and that the

sum was paid not to satisfy an obligation of the corporation, but in partial liquidation of personal debts of Foregger. The petitioner has failed to prove that the sum was an ordinary and necessary business expense paid in carrying on business.

*Judgment will be entered for the respondent.*